■ In the Matter of TOGO CAB CORP., Respondent, v U.S. CAPITAL INSURANCE Co., Appellant. [632 NYS2d 972] —In a proceeding pursuant to CPLR article 75 to confirm three arbitration awards, U.S. Capital Insurance Co. appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Kings County (Kramer, J.), dated December 2, 1993, as granted the petition, and (2) an order and judgment (one paper) of the same court, entered April 15, 1994, as denied its motion to dismiss the petition, granted the petition, and confirmed the arbitration awards.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the order and judgment is reversed insofar as appealed from, on the law, the appellant's motion to dismiss the petition is granted, the petition is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended order and judgment; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment on the proceeding *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the order and judgment *(see,* CPLR 5501 [a] [1]).

The appellant correctly contends that Arbitration Forums,

Inc., violated its own No-Fault Arbitration Agreement Rules and Regulations (hereinafter Arbitration Rules) in scheduling and holding a hearing prior to the expiration of the one-year deferment which was duly requested and granted (see, Arbitration Rules, General Rule 11; see also, 11 NYCRR 65.10 [d] [5] [ii] [b]). Pursuant to the Arbitration Rules, this violation constituted a jurisdictional error (see, Arbitration Rules, Decision Rule 2) and, therefore, the arbitrator exceeded her power in proceeding with the hearing and rendering the awards. Thereafter, Arbitration Forums, Inc., properly vacated the arbitrator's determination and directed a rehearing in accordance with its own rules (see, Arbitration Rules, Decision Rule 2). Consequently, the Supreme Court erred in granting the petition to confirm the awards. Altman, J. P. Hart, Friedmann and Krausman, JJ., concur.